CaRüthers, J.,
delivered tbe opinion of tbe Court.
Tbornburgb said of McCampbell, that be had sworn a lie, in a road case, before tbe County Court of Jefferson. The jury found the defendant guilty, and assessed tbe damages at three dollars. The plaintiff appealed from the judgment the Court, refusing his motion for a new trial.
The pleas were not guilty, and the statute of limitations. The first error assigned is .upon the admission of evidence, upon the defence, under the plea of not guilty, which, it is alleged, could only have been done under a plea of justification, because it tended to show the truth of the charge.
Facts: At the March session, 1858, of the County Court of Jefferson, the defendant presented a petition for a new road, of the second class, between the points designated. Upon that application, after the report of the jury in favor of the road, an investigation arose before the Court, as to the necessity of the road, in which the plaintiff was examined as a witness against the report. The contest v/as, which of two roads — the one reported, or another then in existence — should be established or kept up. Witness, Birdwell, proves that he was a magistrate, on the bench at the time, and swore, and examined the plaintiff as a witness. He proves “that the question in said road case was, what kind of a road it (the rival road in question) was, and the plaintiff swore that said road could he made a good road with a little fixing.” It was in reference to this oath the imputation was made. The defendant was permitted to prove on the trial, against the objections of the plaintiff, that the road was not a good, but a very bad one, and that a little work or “fixing” would not put it in order, or make a good road of it; but that it would require a good deal of work, and several hands for some time, as well as the blasting of rock, to make it good. The quantity of labor, and number of hands, and length of time) it would require to make it a good road were allowed to be proved. Now, the question is, was this proof admissible, under the general issue ? and we think it clearly was not. What else *111 was it but evidence to show that the oath of the plaintiff was false, and the charge that he swore a lie, true ? This could only be done under a plea of justification, which would give the plaintiff notice that such was the issue to be tried. Such is the rule everywhere settled. 2 Greenl. Ev., §§ 424, 425; 2 Swan, 34; West v. Walker, 4 Sneed, 524.
This can neither be done in bar of the action, or in mitigation of damages. It is difficult to conceive how this salutary and well established principle could be more palpably violated than it was in this case. The issue was, whether the slanderous words were uttered or not, and the proof was to show that the charge of perjury was true ; that is, that the road was not such as he swore it was. To have authorized this, surely, a plea of justification must have been introduced. The effect of this illegal evidence is palpable enough in the verdict rendered for three dollars damages. If a defendant intends to rely upon the truth of the charge he has made, he must plead it, and come up to the issue. If the plaintiff has, indeed, sworn a falsehood, he must submit to the demolition of his character, but this is not to be destroyed in a Court of justice, illegally.
But the force of this rule is attempted to be avoided, or rather evaded, in the argument, by a resort to another rule stated in 2 Greenl., see. 424, and recognized in West v. Walker, that it is competent for the defendant to show under the general issue, that the charge was occasioned by the misconduct of the plaintiff, either in attempting to commit the crime imputed, or leading the defendant to believe him guilty of it. It requires no argument to show that has no application to a case like this.
It is frankly admitted in the argument, that the defendant cannot safely rely upon a plea of justification. But still he had all the advantages of it, without its responsibilities, on the question of damages, if not as a defence. This is an evasion or perversion of the law, not to be allowed in any case, but more particularly where that which is most dear to the citizen, his good name and reputation, is at stake.
*112 This is a case of considerable aggravation, if the charge was untrue. Perjury, one of the most odious and disgraceful crimes in the estimation of all good men, is again and again imputed, and boldly and actively circulated against a man who has proved a good character among his neighbors. If this was done untruly and maliciously, or recklessly, it deserves the most exemplary reprobation at the hands of a jury. On the supposition of the plaintiff’s innocence of the crime, the verdict rendered is but a mockery of justice. Instead of recovering damages for the injury done him, he is mulct with a heavy bill of costs, as the damages are under five dollars. The costs amount to about $300 in all.
As what he stated was only in the nature of an opinion as to the quality of the road, and the labor it would require to make it a good one, it was uncharitable, to say the least of it, though his opinion or judgment might be considered incorrect by a dozen other men, to charge him with wilful and corrupt perjury.
Under the facts of this case, as we see them in the record, particularly if the illegal evidence be excluded, we would feel constrained to grant a new trial, if no error of law had been committed by the Court, on the single ground of the inadequacy of the damages. If this action is to be resorted to for the vindication of injured character, instead of, and to prevent acts of violence, which is one of its main objects, Courts and juries must see that it shall answer the ends designed, by making the redress commensurate with the injury. Otherwise, the law will be regarded as an inadequate protection, and the peace of society endangered by men undertaking to avenge their own wrongs instead of resorting to this peaceful remedy given by the law.
The judgment will be reversed, and a new trial awarded.